UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Chahla,  Civ. No. 18-1595 (PAM/BRT)

           Plaintiff,

v.  **MEMORANDUM AND ORDER**

Jukko, Inc.,

           Defendant.

---

This matter is before the Court on Plaintiff's Motion to Remand (Docket No. 8) and Defendant's Motion to Compel Arbitration (Docket No. 6). For the following reasons, the Motion to Remand is denied, the Motion to Compel Arbitration is granted, and this action will be stayed pending arbitration.

**BACKGROUND**

In March 2017, Plaintiff Daniel Chahla was hired to be Chief Technology Officer of a start-up technology company, Defendant Jukko, Inc. Jukko's business model was to develop a way to capture donations to nonprofits through digital advertising on mobile devices. Chahla was terminated in November 2017, and alleges that he was fired for opposing the sexual harassment of the company's CEO, Elizabeth Sarquis, and for questioning the company's business practices. He brought this lawsuit in state court raising claims under the Minnesota Human Rights Act ("MHRA") (Minn Stat. § 363A.15) and Minnesota's Whistleblower Act (id. § 181.932), and claims for unpaid wages under Minnesota's wage statute (id. § 181.13). Jukko removed the case, invoking this Court's diversity jurisdiction.

According to Jukko, Chahla signed an "offer letter" that included a broad arbitration agreement. Jukko now moves to compel Chahla to arbitrate, or in the alternative, asks for a dismissal under Rule 12(b)(6). Chahla contends that Jukko is a Minnesota company and that therefore the exercise of federal jurisdiction is inappropriate.

**DISCUSSION**

**A.      Jurisdiction**

Federal jurisdiction "depends upon the state of things at the time of the action brought." Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567 (2004) (quoting Mollan v. Torrance, 22 U.S. 537 (1824). In the case of removal on the basis of diversity jurisdiction, jurisdiction is determined as of the date of removal, although some courts have used the date of filing or the date the summons was served. Slater v. Republic-Vanguard Ins. Co., 650 F.3d 1132, 1134 (8th Cir. 2011) (diversity determined as of date of removal); McGill v. Conwed Corp., No. 17cv1047, 2017 WL 4534827, at *3-4 (D. Minn. Oct. 10, 2017) (Nelson, J.) (diversity determined as of date summons was served). Chahla served the summons on Jukko in early May, and Jukko removed the lawsuit on June 7, 2018. Jukko contends that it was not a citizen of Minnesota on either date.

Jukko contends it maintained a Minnesota office only because Chahla wanted a place to work in Minnesota. Once he was fired, Jukko closed its Minnesota office, and as of February 2018, Jukko no longer maintains an office in Minnesota. Jukko de-registered with the Minnesota Secretary of State in March 2018, and therefore is no longer authorized to do business in Minnesota. It is a Delaware corporation and claims that its

2

headquarters is in New York City, although it has no official office space there. Two of its three officers live and work in New York; the third (CEO Sarquis) lives in Minnesota but ostensibly travels to New York frequently to work. The two New York-based officers never travel to Minnesota. When Chahla interviewed for the job, he traveled to New York to interview with these two individuals. Jukko's employees/contractors live all over the world, and only one employee other than Sarquis lives in Minnesota. Because Jukko has not had an official presence in Minnesota or any business-related contacts with Minnesota since Chahla's termination, Jukko asserts that it cannot be considered domiciled in Minnesota and diversity jurisdiction is proper.

In response to Jukko's statement of facts supporting Jukko's claims regarding citizenship, Chahla asks for jurisdictional discovery. Chahla asks that the Court stay the consideration of the motion to compel arbitration until he can take that discovery.

Jurisdictional discovery "is only warranted if the facts necessary to resolve the jurisdictional inquiry are either unknown or can be genuinely disputed." F.D.I.C. v. Dosland, 50 F. Supp. 3d 1070, 1077 (N.D. Iowa 2014) (citing Viasys., Inc. v. EMB-Papst St. Georgen GmbH & Co., 646 F.3d 589, 598 (8th Cir. 2011)). "To request [jurisdictional] discovery . . . a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact [as to diversity jurisdiction]; (3) what efforts the affiant has made to obtain them; and why the affiant's efforts were unsuccessful." Johnson v. United States, 534 F.3d 958, 965 (8th Cir. 2008). But a party's "bare assertion" that discovery might reveal facts supporting jurisdiction is insufficient to

prompt jurisdictional discovery. Dosland, 50 F. Supp. 3d at 1077. Aside from contending that discovery is necessary, Chahla has not complied with the requirements set forth above. His request for discovery is "entirely speculative" and thus the Court will deny his request. Viasys., 646 F.3d at 598.

The only facts before the Court establish that Jukko is no longer a Minnesota company. Therefore, the exercise of diversity jurisdiction is proper.

**B.     Arbitration**

The offer of employment Jukko extended to Chahla contained an arbitration provision, requiring arbitration in Manhattan County, New York, for "any and all disputes, claims, or causes of action . . . arising from or relating to the enforcement, breach, performance, or interpretation of this Agreement, your employment with the Company, or the termination of your employment." (Sosna Aff. (Docket No. 11) Ex. B.) Chahla signed the offer on March 30, 2017. (Id.) Jukko conditioned its offer of employment on Chahla signing the offer and agreeing to the arbitration provision.

Chahla first argues that it is "procedurally unconscionable" for Jukko to remove the case to federal court and then move to compel arbitration. However, these actions are commonplace in the federal courts.

Chahla next argues that the arbitration agreement is unenforceable because it is a contract of adhesion under Minnesota law. He contends that he was forced to sign the contract because he had already quit his previous job. But as Jukko points out, the allegations of Chahla's Complaint belie this contention, as he alleges that negotiations over the terms of his employment went on for several weeks. (Compl. ¶ 34.) Indeed,

4

Jukko asserts that Chahla vigorously negotiated his employment terms, but never expressed reservations about the arbitration provision.

Minnesota courts routinely enforce arbitration provisions unless (1) the forum is so "seriously inconvenient" that a "party would be completely unable to pursue or defend a claim" in that forum, Cell v. Moore & Schley Sec. Corp., 449 N.W.2d 144, 149 (Minn. 1989) (quotation omitted); (2) the choice of forum is one of adhesion; and (3) the agreement is "otherwise unreasonable." Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886, 890 (Minn. 1982).

Chahla is not completely unable to pursue his claims in arbitration in New York. Although it is not convenient for Chahla to have to travel to New York to arbitrate, "[t]he defense that the forum is seriously inconvenient will not be successful in the usual case because the presumption is that consideration was received at the time of contracting for the alleged inconvenience." Hauenstein, 320 N.W.2d at 890. "A party cannot be heard to complain about inconvenience resulting from an agreement [he] freely entered into." Id. (quotation omitted). There is no indication that Chahla did not receive consideration for the inconvenient forum.

Nor is the contract one of adhesion or otherwise unreasonable. There is no indication that the employment offer was a "take-it-or-leave-it" contract, the product of unequal bargaining power between the parties. Matthiessen v. Nat'l Trailer Convoy, Inc., 294 F. Supp. 1132 (D. Minn. 1986) (Lord, J.). Chahla has not established "a great disparity in bargaining power [or] that there was no opportunity for negotiation." Hauenstein, 320 N.W.2d at 891. Chahla is a sophisticated businessperson who

5

vigorously negotiated the terms of his employment with Jukko. The arbitration clause is not written in jargon, and it contains bolded type to draw Chahla's attention to the rights he is waiving as a result: "**You acknowledge that by agreeing to this arbitration procedure, both you and the Company waive the right to resolve any such dispute through a trial by jury or judge or administrative proceeding.**" (Sosna Aff. Ex. B.) He cannot claim to be surprised by the arbitration requirement.

Finally, Chahla argues that he will be unable to pursue his statutory claims in arbitration. However, "[b]y agreeing to arbitrate a statutory claim, [Chahla] does not forgo the substantive rights afforded by the statute; [he] only submits to their resolution in an arbitral, rather than judicial, forum." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985).

Chahla has presented no legitimate basis to ignore the clear arbitration provision in the employment offer, and therefore the Court will enforce the provision. The Court will stay this matter pending the outcome of the arbitration. 9 U.S.C. § 3.

**CONCLUSION**

Plaintiff has failed to show that jurisdiction is improper or that the arbitration provision should not be enforced.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion to Remand (Docket No. 8) is **DENIED**;

2. Defendant's Motion to Compel Arbitration (Docket No. 6) is **GRANTED**;

3. This action is **STAYED** pending arbitration.

Dated:  September 19, 2018               *s/ Paul A. Magnuson*
                                                                Paul A. Magnuson
                                                                United States District Court Judge